# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**NATHAN LEE HENSON**     **PETITIONER**

**v.**     **CIVIL ACTION NO. 5:15-CV-P110-TBR**

**KEN CLAUD**     **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Nathan Lee Henson, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies.

According to the petition, Petitioner did not appeal from the judgment(s) of conviction or file any other petitions, applications, or motions concerning the judgment(s) of conviction in any state court. In the portion of the petition form asking Petitioner to explain why he had not appealed to the highest state court having jurisdiction, he stated only: "No petitions filed."

In response to the show-cause order, Petitioner responded that he did not exhaust his state-court remedies because he did not understand the process to exhaust his state-court remedies.

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b)[1]; *Hannah v.*

---

[1] Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

*Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam).  Any alleged constitutional deprivations must be asserted through the state appellate process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *Id.*  The burden is on Petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has offered no reason why his petition should be considered exhausted.  A litigant's "pro se status and ignorance of his rights" do not excuse the failure to exhaust state court remedies.  *Hannah v. Conley*, 49 F.3d at 1197.

Moreover, there may still be avenues of relief available to Petitioner in state court.  *See, e.g., Thacker v. Rees*, No. 86-5973, 1988 WL 19179, at *6 (6th Cir. Mar. 8, 1988) ("Under Kentucky law, claims of ineffective assistance of counsel are to be addressed initially to the trial court through an RCr 11.42 motion."); *Jones v. Commonwealth*, 714 S.W.2d 490, 491 (Ky. Ct. App. 1986) (Kentucky Court of Appeals may in some cases allow motions to file a belated appeal).  Consequently, for the foregoing reasons and for the reasons stated in this Court's Order

---

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

2

(DN 6), the Court finds that Petitioner's petition for a writ of habeas corpus must be dismissed for failure to exhaust his state-court remedies.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1).  A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:	Petitioner, *pro se*
4413.009